# CONTRACT EMPLOYING PAINTERS LOCAL 1011
## TO PROVIDE ADMINISTRATIVE SERVICES
## TO
## PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT FUND

This Agreement is effective as of the 20th day of September, 2007. This Agreement is between PAINTERS LOCAL 1011 (Plan Administrator) and the TRUSTEES OF PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT FUND (Fund).

## 1. RECITALS

The AGREEMENT AND DECLARATION OF TRUST OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES LOCAL UNION 1011 for the HEALTH REIMBURSEMENT ARRANGEMENT, dated June 28, 2002, Article V, Section 1, paragraph b authorizes the Trustees to employ their own personnel to perform services of Plan Administrator.

PAINTERS LOCAL 1011 is an Employer Sponsoring the PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT FUND. PAINTERS LOCAL 1011 has appointed two labor Trustees to the Fund pursuant to the Taft-Hartley Act, and ERISA.

James Anderson is a member of PAINTERS LOCAL 1011. PAINTERS LOCAL 1011 appoints James Anderson to implement this agreement whereby PAINTERS LOCAL 1011 serves as Plan Administrator.

The Michigan Third Party Administrator Act excludes the employer sponsoring a plan from the definition of Third Party Administrator.

The Trust Agreement defines Employer to include the Union. Therefore, this Agreement is entered into by PAINTERS LOCAL 1011 as an employer sponsoring the plan, and employing its own personnel to perform services of Plan Administrator.

## 2. TERM OF AGREEMENT

The employment of the Plan Administrator shall commence the date hereof and continue until terminated in accordance with the provisions of this Contract.

## EXHIBIT A

## 3. PROHIBITED TRANSACTION EXEMPTION

The parties intend that this Contract falls within Prohibited Transaction Exemption 76-1. In order to comply with PTE 76-1, Trustees and Plan Administrator agree to retain, for six years, whatever records may be necessary to enable persons to inspect the records to determine that the requirements of PTE 76-1 have been followed, including records establishing that the Fund has received reasonable administrative services for reasonable compensation and establishing that the relationship could be terminated on relatively short notice under the circumstances.

## 4. COMPENSATION AND BENEFITS

In consideration of the services to be provided by the Plan Administrator, the Fund shall pay Plan Administrator, during the term of his employment, a base wage equal to Painters Local 1011's highest negotiated rate per the Collective Bargaining Agreement including foreman rate. Wage increases shall be paid in accordance with the Collective Bargaining Agreement of DC 26/Local 1011. The Plan Administrator shall be paid quarterly and issued a 1099 at the end of the calendar year.

## 5. DUTIES AND RESPONSIBILITIES

The current duties and responsibilities of the Plan Administrator are stated in the Health Reimbursement Arrangement Plan, Article VII dated June 1, 2002, Plan Administration 7.01. Article 7.01 states as follows:

### ARTICLE VII
### PLAN ADMINISTRATION

#### 7.01 Allocation of Authority

Except as to those functions reserved within the Declaration of Trust to the Trustees, the Plan Administrator shall control and manage the operation and administration of the Plan. The Plan Administrator shall have the exclusive right (except as to matters reserved to the Trustees) to interpret the Plan and to decide all matters arising thereunder, including the right to remedy possible ambiguities, inconsistencies, or omissions. All determinations of the Plan Administrator or the Trustees with respect to any matter hereunder shall be conclusive and binding on all persons. Without limiting the generality of the foregoing, the Plan Administrator shall have the following powers and duties:

(a) To require any person to furnish such reasonable information as it may request for the purpose of the proper administration of the Plan as a condition to receiving any benefits under the Plan;

(b) To make and enforce such rules and regulations and prescribe the use of such forms as he shall deem necessary for the efficient administration of the Plan;

(c) To decide on questions concerning the Plan and the eligibility of any Employee to participate in the Plan, in accordance with the provisions of the Plan;

(d) To determine the amount of benefits that shall be payable to any person in accordance with the provisions of the Plan; to provide communications, as appropriate, of the amount of such Benefits; and to provide a full and fair review to any Participant whose claim for benefits has been denied in whole or in part; and

(e) To designate other persons to carry out any duty or power which would otherwise be a fiduciary responsibility of the Plan Administrator, under the terms of the Plan.

These duties and responsibilities may be amended from time to time in the sole discretion of the Fund, subject to formal notification of same being provided to the Plan Administrator.

## 6. PROHIBITION AGAINST DEALING FOR OWN ACCOUNT

James Anderson shall be prohibited from dealing with plan assets in his own interest or for his own account. Any benefit decisions or distributions for or on the account of James Anderson shall be made on behalf of the Fund by the other Trustees, acting in place of the Plan Administrator, and James Anderson shall abstain from acting as a Trustee on all decisions of the Board of Trustees as to his interest or account.

## 7. TERMINATION OF EMPLOYMENT

The Fund may terminate the employment of the Plan Administrator at will by providing the Plan Administrator with at least two (2) weeks advance written notice.

The Plan Administrator may terminate his employment with Fund at will by providing the Fund with at least two (2) weeks advance written notice.

## 8. BOND

The Plan Administrator shall follow all legal requirements and give bond as required by ERISA while administrating this plan. The cost of the Bond shall be a Fund expense.

## 9. SEVERABILITY

Each paragraph of this agreement shall be and remain separate from and independent of and severable from all and any other paragraphs herein except where otherwise indicated by the context of the agreement. The decision or declaration that one or more of the paragraphs are null and void shall have no effect on the remaining paragraphs of this agreement.

## 10. INTERPRETATION OF AGREEMENT

The validity, interpretation, construction and performance of this agreement shall be governed by the Laws of the State of Michigan. This agreement shall be interpreted with all necessary changes in gender and in number as the context may require and shall ensure to the benefit of and be binding upon the respective successors and assigns of the parties hereto.

IN WITNESS WHEREOF the parties hereto have caused this agreement to be effective as of the 20th day of September 2007, regardless of the date signed.

TRUSTEES FOR PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT FUND:

_____  By _____
WITNESS                         A. Robert Bosk, Trustee

_____  By _____
WITNESS                         Mark Holzenkamp, Trustee

_____  By _____
WITNESS                         Walter Sliva, Jr., Trustee

_____  By _____
WITNESS                         James Anderson, Trustee
                                (ABSTAIN)*

4

*James Anderson removes himself from all consideration by the Trustees as to whether to engage in the Contract and does not exercise any authority, control, or responsibility to cause the Fund to engage in this Contract.

PAINTERS LOCAL 1011 (Plan Administrator):

_____  By _Patrick R Pepin_____
WITNESS

I, James Anderson, member of Local 1011, accept the appointment to implement this agreement whereby Painters Local 1011 serves as Plan Administrator.

_____     _____
WITNESS                        James Anderson

5

## ACTION BY UNANIMOUS WRITTEN CONCURRENCE
## TRUSTEES OF PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT PLAN

The undersigned Trustees of the PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT PLAN hereby waive notice of the time, place, and purpose of a special meeting to consider the approval of the CONTRACT EMPLOYING PAINTERS LOCAL 1011 TO PROVIDE ADMINISTRATIVE SERVICES TO PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT FUND.

In lieu of a special meeting requiring notice and attendance by the Trustees, the Trustees waive notice and attendance and elect to participate by means of unanimous written concurrence, as permitted by ARTICLE VI, Section 1 of the AGREEMENT AND DECLARATION OF TRUST dated June 28, 2002.

Notice having been waived, the Trustees, by unanimous written concurrence, RESOLVE as follows:

1. RESOLVED, that the CONTRACT EMPLOYING PAINTERS LOCAL 1011 TO PROVIDE ADMINISTRATIVE SERVICES TO PAINTERS LOCAL 1011 HEALTH REIMBURSEMENT ARRANGEMENT FUND, is hereby approved.

2. RESOLVED, that this Action by Unanimous Written Concurrence may be executed in counterparts, electronically, and delivered to the Plan Administrator, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

3. RESOLVED, that this Action by Unanimous Written Concurrence and all counterparts shall be filed with the minutes of the proceedings of the Trustees and shall have the same effect as a vote of the Trustees for all purposes.

4. RESOLVED, that this Action by Unanimous Written Concurrence shall be effective as of September 20, 2007, regardless of the date actually signed.

Dated effective as of September 20, 2007.

1

PAINTERS' LOCAL UNION 1011 HEALTH REIMBURSEMENT ARRANGEMENT FUND:

By: _____
    A. Robert Bosk, Trustee

By: _____
    Mark Holzenkamp, Trustee

By: _____
    Walter Sliva Jr., Trustee

By: _____
    James Anderson, Trustee (Abstain)*

*James Anderson removes himself from all consideration by the Trustees as to whether to engage in the Contract and does not exercise any authority, control, or responsibility to cause the Fund to engage in the Contract.

020042s action unanimous concurrence (pws)

2