UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRUSTEES OF THE PAINTERS LOCAL
1011 HEALTH REIMBURSEMENT
ARRANGEMENT FUND,

       Plaintiff,

Case No.  2:13-CV-250

v.

HON. ROBERT HOLMES BELL

JAMES R. ANDERSON,

       Defendant.
                            /

## O P I N I O N

Plaintiff Trustees of the Painters Local 1011 Health Reimbursement Arrangement Fund (the "Fund") seek summary judgment on their ERISA claim against Defendant James R. Anderson for reimbursement of compensation received by Defendant while he was serving as a fiduciary of the Fund.  (ECF No. 20.)  Defendant, who appears pro se, opposes the motion.  For the reasons that follow, the motion will be granted.

### I.

Plaintiff's motion for summary judgment is based on the following undisputed facts.

The Fund is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.  The Fund provides benefits from trust assets to pay health care and related expenses for participants and beneficiaries of the Fund.  The Fund was created on June 1, 2002.  From the Fund's inception until July 10,

2012, Defendant served as a fiduciary in his role as a Trustee of the Fund. From June 1, 2002 through May 7, 2012, Defendant was a full-time employee of Local 1011 and Painters District Council 26, earning full-time pay and benefits. For the first five years of the Fund's existence, Defendant provided administrative services to the Fund without compensation beyond what he received as a full-time employee of Painters Local 1011 and then Painters District Council 26.

On September 20, 2007, while James Anderson continued to serve as a Trustee, the Fund entered into a Contract Employing Painters Local 1011 To Provide Administrative Services To Painters Local 1011 Health Reimbursement Arrangement Fund (the "Contract"), which provided for Defendant to administer the Fund. (Compl. Ex. A.) For two years after the creation of the Contract, Defendant continued performing administrative services for the Fund in the course of performing his duties as a full-time employee of Painters District Council 26, without receiving additional compensation from the Fund. Then, from December 17, 2009, through March 6, 2012, Defendant prepared eleven Fund checks made payable to himself in amounts totaling $65,820.29. Defendant signed the checks on behalf of the Fund and cashed them. (Compl. Ex. B.)

In 2012, Defendant retired as an employee of Painters District Council 26. On July 10, 2012, Painters District Council 26 removed Defendant as a Trustee of the Fund and notified him of his removal. Following an August 2, 2012, Board of Trustees' meeting, the Fund paid Defendant an additional $9,290.00. In response to a request from Timothy

Stricker, Chairman of the Board of Trustees of the Fund, for refund of the final $9,290.00 payment, Defendant asserted that the final payment represented compensation for his administrative services from June 2002 through September 2007. (Stricker Aff. ¶ 12.) In total, between December 17, 2009, and August 29, 2012, the Fund paid Defendant the sum of $75,110.29, as compensation for providing services to the Fund.

From 2004 through 2012, and during the entire time that Defendant received compensation from the Fund for administering the Fund, Defendant was a full-time employee of Painters Local 1011 and Painters District Council 26 and received wages, health care, and pension benefits from them. During the entire period of time Defendant was compensated for administering the Fund, Painters Local 1011 and Painters District Council 26 were employee organizations whose members were participants of the Fund.

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendants carry their burden of showing there is an absence of evidence to support a claim, Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue

of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

The Fund contends that Defendant violated ERISA by receiving compensation from the Fund while he was a Fund Trustee. Defendant does not dispute any of the facts asserted by Plaintiff. He does not dispute that he received compensation from the Fund, he does not dispute the amount of compensation, and he does not dispute that he was a fiduciary for the Fund at the time he received that compensation. (ECF No. 23, Resp.) He merely asserts that he does not believe he is required to reimburse the Fund because he received the compensation pursuant to contracts drafted by attorneys. (*Id.*)

As a Fund Trustee, Defendant had a fiduciary duty to discharge his duties with respect to the Fund solely in the interest of the Fund's participants and beneficiaries, with requisite care, skill, prudence and diligence, pursuant to Section 404(a)(1) of ERISA, 29 U. S. C. §1104(a)(1). As a fiduciary of the Fund, Defendant had a responsibility to avoid engaging in prohibited transactions, pursuant to Section 406(b) of ERISA, 29 U. S. C. §1106(b).[1]

---

[1] Section 406 of ERISA provides in pertinent part:

A fiduciary with respect to a plan shall not--
(1) deal with the assets of the plan in his own interest or for his own account,
(2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or
(3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

29 U.S.C. § 1106(b).

Section 406(b)(1) prohibits a fiduciary from dealing with the assets of the plan for his own interest or for his own account. There is no reasonable compensation exception to Section 406's prohibition against self-dealing. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 910 (9th Cir. 2001).

Defendant breached his fiduciary duty and engaged in prohibited transactions in direct violation of Section 406 of ERISA, 29 U. S. C. § 1106 as a result of receiving $75,110.29 in compensation from the Fund during periods in which he served as a Fund Trustee.

Section 409 of ERISA provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Defendant is accordingly liable for reimbursing the Fund the amount of wrongfully received payments plus any profits through his use of the payments, subject to other equitable or remedial relief as the Court deems appropriate. Defendant's good faith belief that he was entitled to compensation is not a defense to this action for reimbursement. *See Trustees of Conn. Pipe Trades Local 777 Health Fund v. Nettleton Mech. Contractors, Inc.*, 478 F. Supp. 2d 279, 284 (D. Conn. 2007) (rejecting good faith defense); *Gilliam v. Edwards*, 492 F. Supp. 1255, 1263 (D.N.J. 1980) (noting that § 1106(b) creates a "per se" ERISA violation, "even in the absence of bad faith, or in the presence of a fair and reasonable transaction").

It is without dispute that Defendant received $75,110.29 in compensation from the Fund for periods of time in which he served as a Fund Trustee. Under Sections 406(b) and 409(a) of ERISA, 29 U. S. C. §1106(b) and §1109(a), his acceptance of compensation from the Fund clearly violates ERISA and he is obligated to reimburse to the Fund all money he received.

For the reasons stated herein, Plaintiff's motion for summary judgment will be granted, and judgment will be entered in favor of Plaintiff in the amount of $75,110.29.

An order consistent with this opinion will be entered.


Dated: August 18, 2014  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE