UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRUSTEES OF THE PAINTERS LOCAL
1011 HEALTH REIMBURSEMENT
ARRANGEMENT FUND,
        Plaintiff,

v.                                                  Case No. 2:13-CV-250
                                                  HON. TIMOTHY P. GREELEY

JAMES R. ANDERSON,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Anderson filed an objection to a writ of garnishment issued against Delta County Credit Union (Delta) with this Court on September 16, 2014. Docket # 76. The Court held a hearing on September 22, 2015, pursuant to Defendant Anderson's objection. The purpose of the hearing was to determine whether the funds in Defendant Anderson's Delta account were exempt from garnishment.

In determining whether to sustain an objection to a writ of garnishment, courts must considers whether the debtor has proven that he is entitled to the exemption. *United States v. Rippy*, No. 09-10654, 2009 WL 3246709, at *2 (E.D. Mich. Oct. 7, 2009) (citing 28 U.S.C. § 3014(b)(2) ( "A judgment debtor that claims exemption from a writ of garnishment bears the burden of proving that he is entitled to the exemption.")); *see also United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). Property and funds that are exempt from garnishment are outlined in 28 U.S.C. § 3014(a) (which references further exemptions provided within 11 U.S.C. § 522(d)). Among the property eligible for exemption from garnishment are funds from social

security and pensions.  11 U.S.C. § 522(d)(10).  Notably, Painters Local concedes that these two types of funds are exempt from garnishment.

At the hearing, Defendant Anderson testified that the only funds held within his Delta account come from social security and pension funds.  To corroborate his testimony, Defendant Anderson provided a transaction summary from August, 2014, for this Delta account. He stated that, at the time of this summary, his pension funds were directly deposited into his Delta account, while his social security funds were (and continue to be) placed on a debit card. Defendant Anderson indicated that he would withdraw money from his social security debit card and place it into his Delta account as needed.  The amount he would transfer from the debit card to the Delta account each month varied.

In responding to Defendant Anderson's testimony, Painters Local conceded that social security and pension funds are exempt from garnishment, and that the Delta account consisted of these two types of funds.  It further acknowledged that if there were not any funds beyond the social security and pension funds held within this account, then there would be nothing for Painters Local to garnish. Despite Painters Local's attempt to show that more funds existed in the account, it failed to prove that any other funds or income were held within Defendant Anderson's Delta account.

Based on the information provided, the undersigned finds that Defendant Anderson has met his burden of proof in order to sustain his objection to the writ of garnishment against Delta County Credit Union.  Accordingly, it is recommended that Defendant <u>Anderson's</u> objection to the writ of garnishment issued against Delta County Credit Union (Docket # 76) is sustained.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  October 13, 2015
       /s/ TIMOTHY P. GREELEY
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE